**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2237**
_____

LAWRENCE HAWTHORNE,

            Plaintiff - Appellant,

      v.

VIRGINIA STATE UNIVERSITY; THOMAS LAROSE, Individually and
in his official capacity as Chairperson of the Arts
Department of Virginia State University,

            Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   John A. Gibney, Jr.,
District Judge. (3:12-cv-00620-JAG-MHL)

_____

Submitted:  April 17, 2014          Decided:  April 23, 2014

_____

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Josephine S. Miller, LAW OFFICE OF JOSEPHINE SMALLS MILLER, East
Hartford, Connecticut; Samuel H. Woodson, III, LAW OFFICE OF
S.H. WOODSON, III, Alexandria, Virginia, for Appellant.  Mark R.
Herring, Attorney General of Virginia, Rhodes B. Ritenour,
Deputy Attorney General, Peter R. Messitt, Ronald N. Regnery,
Senior Assistant Attorneys General, Richmond, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Hawthorne appeals the district court's order granting summary judgment to the Defendants on Hawthorne's remaining claim under 42 U.S.C. § 1981 (2006).[*] On appeal, he contends that the district court erred in granting summary judgment to the Defendants based on the evidence. We affirm.

We review whether a district court erred in granting summary judgment de novo, applying the same legal standards as the district court and viewing the evidence in the light most favorable to the nonmoving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012). A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation and internal quotations omitted). "The nonmoving party cannot create a genuine issue of material fact through mere speculation

---

[*] The district court previously dismissed Hawthorne's claims against Virginia State University based on sovereign immunity.

2

or the building of one inference upon another," <u>Othentec Ltd. v. Phelan</u>, 526 F.3d 135, 140 (4th Cir. 2008) (citation and internal quotations omitted), and he cannot defeat summary judgment with merely a scintilla of evidence, <u>Am. Arms Int'l v. Herbert</u>, 563 F.3d 78, 82 (4th Cir. 2009). Rather, he "must produce some evidence (more than a scintilla) upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." <u>Othentec Ltd.</u>, 526 F.3d at 140 (citations and internal quotations omitted).

"Section 1981 guarantees to all persons in the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" <u>Spriggs v. Diamond Auto. Glass</u>, 165 F.3d 1015, 1017 (4th Cir. 1999) (quoting 42 U.S.C. § 1981(a)). Section 1981 "can be violated only by purposeful discrimination," <u>Gen. Bldg. Contractors Ass'n v. Pennsylvania</u>, 458 U.S. 375, 391 (1982), and "must be founded on purposeful, racially discriminatory actions," <u>Spriggs</u>, 165 F.3d at 1018. "[T]o make out a claim for individual liability under § 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action," and the claim "must be predicated on the actor's personal involvement." <u>Whidbee v. Garzarelli Food Specialties, Inc.</u>, 223 F.3d 62, 75 (2d Cir. 2000) (citations and internal quotations omitted).

3

We have reviewed the record and the parties' briefs, and we conclude that the district court did not err in granting summary judgment to the Defendants. Accordingly, we affirm for the reasons stated by the district court. See Hawthorne v. Va. State Univ., No. 3:12-cv-00620-JAG-MHL (E.D. Va. Aug. 9, 2013). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4